John Birma, for use of Frank R. Brown, Plaintiff in Error, v. Robert H. Muir et al., Defendants in Error.

## Gen. No. 14,937.

1. REPLEVIN—*who not proper defendant.* A plaintiff in attachment is not a proper defendant to an action of replevin instituted against the officer who has levied the writ.

2. BONDS—*when title in plaintiff in replevin cannot be urged.* In an action upon a replevin bond the defendant, who was the plaintiff in the replevin suit, cannot urge title in himself if such replevin suit has been determined against him on the merits.

3. JUDGMENTS—*how cannot be impeached.* A justice of the peace who has rendered a judgment in an action instituted before him should not be permitted to testify that he had intended to enter a different judgment from that which he did enter in his docket.

Action commenced before justice of the peace. Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed February 10, 1910.

MORSE IVES and CHARLES C. BODENSTAB, for plaintiff in error.

GROSSBERG & KOMPEL, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff in error Birma brought an action before a justice of the peace for the use of Frank R. Brown on a replevin bond given to him, as constable, by the defendants in error. The justice gave judgment for the plaintiff and defendants appealed to the Circuit Court. In that court a jury was waived and there was a judgment of *nil capiat*, which is brought before us for review by this writ of error. The property described in the writ of replevin was taken by Constable Birma under that writ from the possession of Constable Brown, who had taken said property January 21, 1904,

on a writ of attachment issued by a justice of the peace in a suit brought by Witkowski against Teserski. The action of replevin in which the bond sued on in this action was given was brought by Younlewicz January 26, 1904, against Constable Brown and Witkowski, the plaintiff in attachment, before Justice Hall, and the replevin bond was given by Younlewicz as principal and Muir as surety. Constable Birma took the property from the possession of Constable Brown January 27, 1904, delivered the same to the plaintiff in replevin, but served the writ only on defendant Brown. On the trial of this cause in the Circuit Court plaintiff put in evidence a transcript of the proceedings in the replevin suit before Justice Hall, signed by said justice.

Witkowski, the plaintiff in attachment, was not a proper party to the replevin suit against Brown, the levying officer. Blatchford v. Boyden, 122 Ill. 657; MacLachlan v. Pease, 171 *id.* 527.

By proceeding to trial against Brown alone the plaintiff in effect dismissed as to Witkowski, and the word "defendant" in the transcript must be held to refer to Brown. The transcript states that the replevin writ was returnable February 3 at 10 A. M.; that at that time plaintiff and defendant appeared and case was continued to February 10 at 10 A. M.; that at said time plaintiff and defendant appeared, witnesses were sworn and case taken under advisement to February 17, 9 A. M.; that it was then further continued to February 20, 9 A. M.; that at that time it was called, and then proceeds as follows: "Whereupon it is considered by the court that the said defendant has right and title to said property replevied and judgment ordered therefor at plaintiff's costs, plaintiff ordered to return said property to defendant." By this judgment the right of property in the property replevied was adjudged against the plaintiff and he was ordered to return the same to defendant. By the judgment the merits of the case were determined and the defendants in the action

on the bond could not assert that the plaintiff in replevin had title to said property.

Justice Hall was called as a witness by defendants and testified that the transcript in evidence was a true copy of his docket and of the judgment entered therein by himself. He was permitted to testify over the objection of the plaintiff that he intended to enter a different judgment from the one he did enter in his docket. This was error, for which the judgment must be reversed. Zimmerman v. Zimmerman, 15 Ill. 85; Garfield v. Douglass, 22 *id.* 100.

The evidence for the plaintiff tends to show the value of the property January 21, 1904, when it was taken by Constable Brown on the attachment writ. The property was stored by him in a room in which there was no fire from January 21 to 27, when it was taken from him by Constable Brown on the replevin writ. There is evidence that when Birma took the property it was frozen and damaged by freezing. Birma delivered the property to the plaintiff in replevin, who delivered it to one Blum. The defendants gave evidence as to its value when delivered to Blum, but no evidence to show when it was delivered to Blum, or that it was in the same condition when delivered to Blum that it was when taken by Birma.

The defendants are liable for the value of the property at the time it was taken by Birma on the replevin writ, not for its value at the time it was taken by Brown on the attachment writ. If the property was damaged by freezing or otherwise while in the possession of Brown, defendants are not liable for such damage.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*